**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin and Julie Schjoll, husband and wife,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Town of Gilbert, a public entity, et al.,<br><br>　　　　　Defendant. | No. CV-09-0114-PHX-DGC<br><br>**ORDER** |

On February 27, 2009, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6). Dkt. #7. Plaintiffs have responded, Defendants replied, and Plaintiffs have filed a court-requested sur-reply. Dkt. ## 8, 9, 11. For the reasons that follow, the Court will grant the motion.

**I.　　Background.**

By 8:00 a.m. on October 13, 2006, pursuant to a court order on joint custody, Plaintiff Martin Schjoll was required to return his son to his ex-wife. When Schjoll failed to arrive on time, his ex-wife called the police. Two City of Gilbert police officers were waiting for Schjoll when he arrived after 9:00 a.m. Schjoll explained why he was late, and Officer Cooke told Schjoll that he was required to write a report on the incident. Cooke wrote the report and concluded with the phrase "case closed by arrest." Cooke listed an address for Schjoll that had not been current for three years.

1  The Gilbert County Attorney's Office prosecuted Schjoll, but Schjoll never received
2 notice of the hearing at his current address.  When Schjoll failed to appear for the hearing,
3 the judge issued a warrant for his arrest.  On July 11, 2007, Schjoll was arrested at his place
4 of work, causing Schjoll humiliation and damage to his reputation.  Because Schjoll had
5 never reported the 2006 encounter with the police to his employer, he lost his security
6 clearance and job temporarily.  He also lost wages for time off work.

7  An investigation by Schjoll's employer revealed that the City of Gilbert Police
8 Department uses a paperless reporting system that automatically forwards cases "closed by
9 arrest" to the city attorneys.  In many cases the individual was not actually arrested, but
10 because the case is "closed by arrest," the report is forwarded.

11  Plaintiff Martin Schjoll and his wife Julie have filed a complaint in this Court.
12 Dkt. #1-2.  The complaint's discussion of jurisdiction mentions claims under 42 U.S.C.
13 § 1983, 42 U.S.C. § 1988, and Arizona law, but the § 1988 and Arizona claims are never
14 described.  Plaintiffs clarify in their response to Defendants' motion that they are asserting
15 a claim only under § 1983.  Dkt. #8 at 4.

16 **II.  Legal standard.**

17  When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll
18 allegations of material fact are taken as true and construed in the light most favorable to the
19 non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996).  "To avoid a Rule
20 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must
21 plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v.*
22 *DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v.*
23 *Twombly*, 127 S. Ct. 1955, 1974 (2007)).

24 **III.  Analysis.**

25  In the motion to dismiss, Defendants assert that Plaintiffs have failed to state a claim
26 under § 1983 for unlawful detention/arrest.  Dkt. #7 at 2-3.  Plaintiffs respond that they are
27 not bringing a § 1983 claim based on unlawful arrest, but rather based on defamation which
28 deprived Martin Schjoll of his right to privacy under the Arizona constitution and interfered

1  with his property rights in his security clearance and employment. Dkt. #8 at 3. Defendants
2  argue in reply that the defamation claim does not implicate any federal constitutional or
3  statutory rights and therefore does not state a cognizable claim under § 1983. Dkt. #9 at 3.

4  "To state a claim for relief in an action brought under § 1983, [plaintiffs] must [allege]
5  that they were deprived of a right secured by the Constitution or laws of the United States,
6  and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut.*
7  *Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). "Section 1983 'is not itself a source of
8  substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere
9  conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*,
10 443 U.S. 137, 144, n. 3 (1979)). "It is well settled that section 1983 'imposes liability for
11 violations of rights protected by the Constitution, not for violations of duties of care arising
12 out of tort law.'" *Johnson v. Barker*, 799 F.2d 1396, 1399 (9th Cir. 1986) (quoting *Baker*,
13 443 U.S. at 146).

14 In the Ninth Circuit, a plaintiff must satisfy the "stigma-plus" test in order to recover
15 damages for defamation under § 1983. *Am. Consumer Publ'g Assoc., Inc. v. Margosian*, 349
16 F.3d 1122, 1125 (9th Cir. 2003). The stigma-plus test requires that Plaintiffs "allege loss of
17 a recognizable property or liberty interest in conjunction with the allegation of injury to
18 reputation." *Id.* at 1126 (quotation marks omitted). In addition, "the 'stigma-plus' test
19 requires that the defamation be accompanied by an injury *directly caused* by the
20 Government, rather than an injury caused by the action of some third party in reaction to the
21 Government's defamatory statements." *Id.* (citing *WMX Techs., Inc. v. Miller*, 80 F.3d 1315,
22 1320 (9th Cir. 1996) (emphasis in original; brackets omitted).

23 Plaintiffs allege that the defamation which occurred when Officer Cooke falsely wrote
24 that Martin Schjoll had been arrested deprived Schjoll of his right to privacy under the
25 Arizona constitution and interfered with his property rights in his security clearance and
26 employment. Dkt. #1-2 ¶ 46. With regard to the alleged violation of Schjoll's right to
27 privacy under the Arizona constitution, § 1983 only creates a cause of action for violations
28 of the federal constitution and laws. *Sweaney v. Ada County*, 119 F.3d 1385, 1391 (9th Cir.

1997). Plaintiffs have not alleged that the Arizona privacy violation is also a violation of federal law. Plaintiffs fare no better on their claim of interference with property rights. Even assuming, without deciding, that there is a recognized property right in Schjoll's security clearance and employment, Plaintiffs' claim fails because this injury was not caused directly by the government, but by the reaction of Schjoll's employer to the alleged defamation. *See Am. Consumer,* 349 F.3d at 1125. The allegations of the complaint fail to state a claim upon which relief can be granted under § 1983 even when the allegations are assumed to be true and are construed in the light most favorable to Plaintiffs.

**IT IS ORDERED:**

1. Defendants' motion to dismiss (Dkt. #7) is **granted**.
2. The clerk is directed to terminate this action.

DATED this 20th day of April, 2009.

*/s/ David G. Campbell*
David G. Campbell
United States District Judge